IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MEREDITH W. KELLY,<br><br>  Plaintiff,<br><br>vs.<br><br>PIMA COUNTY JUSTICE COURT and PIMA COUNTY BAD CHECK PROGRAM,<br><br>  Defendants. | No. CV 09-308-TUC-DCB (BPV) (Lead)<br><br>No. CV 09-545-TUC-DCB (BPV) (Consolidated) |
| MEREDITH W. KELLY,<br><br>  Plaintiff,<br><br>vs.<br><br>PIMA COUNTY JUSTICE COURT and PIMA COUNTY BAD CHECK PROGRAM,<br><br>  Defendants. | **REPORT AND RECOMMENDATION** |

Pending before the Court is Defendants' motion to dismiss (Doc. No. 12).

The case has been referred to Magistrate Judge Velasco for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

For reasons which follow, the Magistrate Judge recommends that the District Court GRANT Defendants' Motion to Dismiss as to the above named Defendants.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Factual Background

The following facts are alleged in the consolidated complaints: Plaintiff, Meredith Kelly, was sentenced following a trial on December 16, 2004, in CR 04-4005128 ("5128") to 3 days in Pima County Jail, time served, and ordered to pay $50.00 a month thirty-nine days after being released from a prison sentence he was serving in Case Nos. CR20031712 ("31712") and CR 200342205 ("42205"). (Complaint, pp.1-2.)[1]

In a second case, CR 05-504329A ("4329A"), Plaintiff signed a plea on May 13, 2005, and was sentenced to pay $120.00 forty-five days after being released from the prison sentence he was serving in 31712 and 42205. (Complaint, p. 2)

On February 6, 2006, the Bad Check Program filed a memo in 31712 claiming Plaintiff was in contempt of court for unsuccessful completion of the Bad Check program and for violating a court order, and another memo in 4329A for failing to comply with the court order of May 13, 2005. (*Id.*) Warrants for Plaintiff's arrest were issued by Pima County Justice Court. (*Id.*) Plaintiff alleges that these arrest warrants were unlawful. (Complaint, p. 2.)

Plaintiff alleges that the memos from the Bad Check Department were in error, and, together with the unlawful arrest warrants issued by Pima County Justice Court, resulted in Plaintiff being incarcerated an additional 27 days beyond his release date.

//
//

---

[1] Because the two consolidated complaints are identical, the Court's citation to the complaint refers to both the complaint removed from state court, CV 09-545-TUC-DCB (BPV) (Doc. No. 1, Ex. 2) and the complaint filed in federal court, CV 09-308-TUC-DCB (BPV) (Doc. No. 1).

B. Procedural Background

On June 3, 2009, Plaintiff filed a claim in federal court against Defendants Pima County Justice Court and Pima County Bad Check Program alleging a civil rights violation, unlawful imprisonment and violations of the United States Constitution: CV 09-308-TUC-DCB (BPV). On September 25, 2009, Defendants removed an identical complaint filed in Pima County Superior Court, CV 09-545-TUC-DTF and, on October 16, 2009, the two cases were consolidated. This Court denied Plaintiff's request for an indefinite stay of the consolidated cases. (Doc. No. 16.)

Plaintiff seeks damages, an injunction for wrongful incarceration, and the dismissal of charges against him, for violations of "State and United States Constitutional Rights under 42 U.S.C. 1983 under color of State Law, 14th Amendment due process rights and unlawful imprisonment." (Complaint, p.1.) Defendants moved to dismiss the complaints for failure to name a proper party. (Doc. No. 12.)

Plaintiff filed an amended motion seeking to stay the case, (Doc. No. 20), opposed by Defendants (Doc. No. 21), and a motion to clarify cases (Doc. No. 23). The Magistrate Judge, by separate order, denied the motion to stay, and clarified the status of Plaintiff's cases pending before this Court.

**II. DISCUSSION**

A. Motion To Dismiss - Improper Defendants

Defendants argue that neither the Pima County Justice Court nor the Pima County Bad Check Program are proper defendants to this case and should be dismissed. Plaintiff opposes the motion, generally, but appears to concede

Defendants' argument. Plaintiff asserts that the proper Defendant is Pima County, but has not named Pima County as a defendant nor properly requested to do so.[2]

With respect to the claims against Pima County Justice Court, the Arizona Court of Appeals has held that "a court is not *Sui Juris* and therefore not a proper party defendant." *Yamamoto v. Santa Cruz County Board of Supervisors*, 124 Ariz. 538, 606 P.2d 28 (1980). In *Yamamoto,* the plaintiff sued the Superior Court of Santa Cruz County. The Court of Appeals held that a court is not *sui juris*, it cannot sue or be sued, and therefore, is not a proper defendant and should be dismissed with prejudice.

Further, a court is not a "person" within the meaning of that term as used in 42 U.S.C. § 1983. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988), *Clark v. Clark*, 984 F.2d 272 (8th Cir. 1993), *Zuckerman v. Appellate Division, Second Dept., Supreme Court of State of N.Y.*, 421 F.2d 625 (2nd Cir. 1970). Accordingly, the Pima County Justice Court is not a proper defendant to the action and should be dismissed.

As to the Pima County Bad Check Program (PCBCP), Defendants assert that this defendant should also be dismissed because PCBCP is not a legal entity but an administrative creation of the Pima County Attorney's Office, and it is therefore not subject to suit. "A court has no jurisdiction until a party is brought before it who legally exists and is legally capable of being sued." *Yamamoto*, *supra* at 539. Governmental bodies have only the powers provided them by their enabling statutes. *Ricca v. Bojorques*, 13 Ariz.App. 10, 13 (Az.App. 1970). Although the Arizona legislature specifically designated the county as a political subdivision with authority

---

[2] Plaintiff did not file a timely response to the motion to dismiss, nor did he file a motion for an extension of time to file a response. Further, Plaintiff has addressed the motion to dismiss in his amended motion to stay (Doc. No. 20.) Construing Plaintiff's pleadings liberally, the Court has considered Plaintiff's responses, but finds that they do not address the Defendants' primary argument, that the cases should be dismissed for failure to name proper defendants.

to sue and be sued, it did not make the same designation with respect to the Pima County Attorney's Office. A.R.S. § 11-201. The Arizona legislature has also set forth the powers of a county attorney in statute. *See* A.R.S. § 11-532(A). None of the powers given to a county attorney include the power to sue and be sued. *Id.* Although there is no specific statute that sets forth the powers of the PCBCP, because it is a sub-part of the Pima County Attorney's office, it has no legal existence separate from the Pima County Attorney's office. Rather, the offices of the county attorney are simply administrative subdivisions of the county, and, Defendants assert, the PCBCP is a further administrative creation established to assist the County Attorney in carrying out her statutory duties.

Furthermore, a county attorney's office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves.

Accordingly, the Magistrate Judge recommends that the District Court should dismiss the Pima County Bad Check Program with prejudice.

Plaintiff concedes that Pima County Justice Court and PCBCP are non-jural entities, but asserts that Pima County may be sued for the actions of their staff. (Doc. No. 20.) Plaintiff asserts that his complaint is "against Pima County as a whole and is not filing a claim against Pima County Justice Court and Pima County Bad Check Program." (Doc. No. 18.)

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988)(quotation marks and citations omitted). Accordingly, the Magistrate Judge recommends that Plaintiff be allowed to file an amended Complaint in order to state specific allegations against proper Defendant(s), to name as Defendant(s) the

individual(s) who participated in the activities alleged in his Complaint, and to state what injury, if any, he has suffered as a result of the activities of the Defendant(s).

B. Request For Default Judgment

Plaintiff also requests that the Court enter judgment in Plaintiff's favor in the amount of $4,000,000.00 "due to the fact that twenty days from the service of process on the Defendant" had passed. (Doc. No. 18.) Plaintiff's apparent request for a default judgment should be denied. The Motion to Dismiss was properly filed before an answer was due. Accordingly, the Magistrate Judge recommends that the District Court deny Plaintiff's request for judgment on his behalf.

III. RECOMMENDATION

The Magistrate Judge recommends that the District Court

(1) DISMISS Defendants Pima County Justice Court and Pima County Bad Check Program from this action with prejudice,

(2) GRANT Defendants' Motion to Dismiss (Doc. No. 12) with leave to amend.

(3) DENY Plaintiff's request for default judgment.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 09-308-TUC-DCB.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 23rd day of April, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge