**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Meredith W. Kelly,<br><br>    Plaintiff,<br><br>v.<br><br>Pima County Justice Court and Pima County Bad Check Program,<br><br>    Defendants, | CV 09-308 TUC DCB (BPV)<br>(Lead Case) |
| Meredith W. Kelly,<br><br>    Plaintiff,<br><br>v.<br><br>Pima County Justice Court and Pima County Bad Check Program,<br><br>    Defendants. | CV 09-545 TUC DCB (BPV)<br>(Consolidated Case)<br><br>**O R D E R** |

Standard of Review

The duties of the district court, when reviewing a Report and Recommendation (R&R) of a Magistrate Judge, are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000

n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

### Report and Recommendation

On April 23, 2010, the Honorable Bernardo P. Velasco, United States Magistrate Judge, filed a R&R in this action. The R&R advises the Court to grant the Defendants' Motion to Dismiss the case. The Magistrate Judge recommends dismissal because neither Pima County Justice Court nor Pima County Bad Check Program are proper defendants. "'[A] court is not *Sui Juris* and therefore not a proper party defendant'" (R&R at 4 (quoting *Yamamoto v. Santa Cruz County Board of Supervisors*, 606 P.2d 28, 30 (Ariz. 1980)). "A court is not a 'person' within the meaning of that term as used in 42 U.S.C. § 1983." *Id.* (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988), *Clark v. Clark*, 984 F.2d 272 (8th Cir. 1993), *Zuckerman v. Appellate Division, Second Dept., Supreme Court of State of N.Y.*, 421 F.2d 625 (2nd Cir. 1970)).

The Pima County Bad Check Program is not a legal entity but only an administrative creation of the Pima County Attorney's Office and, therefore, not subject to suit. *Id.* (citing *Yamamoto*, *supra* at 539; *Ricca v. Bojorques*, 13 Ariz. App. 10, 13 (Ariz. App. 1970)). The Arizona legislature has not designated the Pima County Attorney's Office with the power to sue and be sued. A.R.S. § 11-201, A.R.S. § 11-532(A).

Only because the Plaintiff is pro se, the Magistrate Judge recommended she be given leave to amend her Complaint to state specific allegations against proper defendants. *Id.* at 5 (citing *Karim-Panahi v. L.A. Police Department,* 839 F.2d 621, 623 (9th Cir. 1988)). There is no basis for entry of a default judgment because Defendant's motion to dismiss was properly filed before the Answer was due. Fed. R. Civ. P. 12(b)(6).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b), they had 14 days to file written objections to the R&R. *See also,* Federal Rule of Civil Procedure 72(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C) ("A judge of the

- 2 -

court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court has reviewed the R&R and considers it to be thorough and well-reasoned; it is neither clearly erroneous nor contrary to law. *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989). The R&R shall, therefore, be accepted pursuant to 28 U.S.C. § 636(b)(1). The Court adopts the recommendation of the Magistrate Judge. For the reasons stated in the R&R, the Court grants the Motion to Dismiss, with leave to amend.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation [Doc. # 24] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Motion to Dismiss [Doc. # 12] the case is GRANTED, with leave to amend to name proper parties.

**IT IS FURTHER ORDERED** that Plaintiff has 20 days from the filing date of this Order to file a First Amended Complaint to cure the deficiencies in his Complaint, and the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file the Amended Complaint.

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "FIRST AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT. The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. THE FIRST AMENDED COMPLAINT MUST BE RETYPED OR

REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that the First Amended Complaint must comport with Rule 8 of the Federal Rules of Civil Procedure which provides that the pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.8(a)(2).

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, she must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules).[1] Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, she must comply with the rules of service. Fed. R. Civ. P. 4-6. Plaintiff shall serve upon Defendants or upon their counsel, a copy of every further pleading submitted to the Court. Plaintiff shall include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel. The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

DATED this 24th day of June, 2010.

David C. Bury
United States District Judge

---

[1] The Local Rules of Practice for the United States District Court, District of Arizona, may be obtained at the Pima County Law Library or accessed on the Court's website: www.azd.uscourts.gov.